**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BETHANEE CALVERT,<br><br>Defendant. | No. CR25-3065-LTS-KEM<br><br>**MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

This matter is before me on a Report and Recommendation (R&R) (Doc. 164) in which the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge, recommends that I grant defendant Bethanee Calvert's motion (Docs. 130, 141) to suppress. Neither party has filed substantive objections[1] and the time for doing so has expired.

## *I. BACKGROUND*

Calvert is charged in a superseding indictment (Doc. 89) with one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 and one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). She seeks to suppress statements she made to law enforcement during a traffic stop and execution of a search warrant, arguing that there is no evidence she was read and waived her rights under *Miranda v. Arizona*, 384 U.S. 436 (1966).

[1] Calvert filed "objections" (Doc. 173) clarifying a typographical error and evidence cited in the R&R, but notes they have no impact on the analysis.

Judge Mahoney held an evidentiary hearing on September 23, 2026. Doc. 158. The Government presented testimony from Lieutenant Frank Hodak of the Cerro Gordo County Sheriff's Office; Iowa State Patrol Trooper Mitchell Williams; and Deputy Adam Nerlien of the Wright County Sheriff's Office. Doc. 164 at 1. Judge Mahoney also received the following exhibits into evidence:

- Exhibit B – Wright County Sheriff's Deputy Ray Zeien's patrol car dash camera video;
- Exhibit B1 – Deputy Zeien's patrol car backseat video;
- Exhibit B2 – Deputy Nerlien's body camera video;
- Exhibit C – Lieutenant Hodak's police report;
- Exhibit D – Emails between defense counsel and the Government; and
- Exhibit 1 – Lieutenant Hodak's audio recording

*Id.* at 1-2. Judge Mahoney issued the R&R (Doc. 164) on September 30, 2026. Trial is scheduled to begin January 19, 2027.

## *II. THE R&R*

Judge Mahoney summarized the factual and procedural background of this case, which I find unnecessary to repeat herein but for Calvert's clarification that Deputy Nerlien stated in Exhibit B2 that Calvert was "such a horrible liar" rather than a "terrible liar." *See* Doc. 164 at 7; Doc. 173. Judge Mahoney recommends granting the motion to suppress, concluding that Calvert was in custody when she made statements in response to officers' questions and that she was not advised of, and did not waive, her *Miranda* rights. Doc. 164 at 13-16.

## *III. STANDARD OF REVIEW*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## *IV. DISCUSSION*

Because the parties have no substantive objections to the R&R, I have reviewed it for clear error. Judge Mahoney applied the appropriate legal standards when she determined that the Government had not met its burden of proving either that (1) the advisement of *Miranda* rights was not required under the circumstances or that (2) law enforcement had provided Calvert the necessary *Miranda* warning and that she waived her *Miranda* rights prior to being interrogated by officers. Based on my review of the record, I find no error – clear or otherwise – in Judge Mahoney's recommendation. As such, I adopt the R&R in its entirety, with the suggested clarifications from Calvert.

## *V. CONCLUSION*

For the reasons set forth herein:

1. I **accept** Judge Mahoney's R&R (Doc. 164) with the modifications described in Calvert's objections (Doc. 173). *See* 28 U.S.C. § 636(b)(1).

2. Pursuant to Judge Mahoney's recommendation, the Government is prohibited from using in its case-in-chief Calvert's unwarned statements on August 22, 2024, after she was handcuffed.

**IT IS SO ORDERED** this 16th day of October, 2026.



Leonard T. Strand
United States District Judge